IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BROWN, #N-00865, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-397-MJR |
| ) | |
| LEE RYKER, *et al.*, ) | |
| ) | |
|       Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, James Brown, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

### THE COMPLAINT

Plaintiff James Brown alleges that between June 12, 2008, and June 17, 2008, following a water main break in the nearby town of Lawrenceville, Plaintiff and other inmates were subjected to cruel and unusual punishment and deliberate indifference to their safety and security when Defendants failed to provide sufficient water for sanitary needs including flushing of the cell toilets.  Plaintiff claims that as a result of Defendants' inadequate response to the water shortage, human waste accumulated in the cell toilets for several days while inmates were largely confined to their cells.  Although inmates were notified three times daily that water would be turned on briefly for ten minutes so toilets could be flushed, the amount of water during these limited periods coupled with the five-minute-delay toilet flush mechanism, was insufficient to flush all the waste, some of which spilled over onto the cell floor.  The lack of water and full toilets forced plaintiff and others to have to defecate and urinate in plastic bags, which then collected in Plaintiff's and other inmates' cells.  The resulting noxious odor was exacerbated by the summer heat.  In an attempt to reduce the foul smell, Plaintiff held his bowels and bladder to the point that he suffered headaches, stomachaches, and excessive itching.  Plaintiff alleges that Defendants could have used available portable toilets to alleviate these conditions, but chose not

to do so.  During the times that Plaintiff was outside his cell in the administrative, vocational or health care unit, he was not permitted to use the working toilets and sinks in those locations.

Plaintiff also complains that he and other inmates were not provided with water to wash their hands or with adequate drinking water during this period, and were forced to eat some of their meals in their cells under these unsanitary and nauseating conditions.

Plaintiff complained about these conditions at the time, and filed two grievances.  The first was denied by the Administrative Review Board on January 22, 2009.  The second, which specifically challenged the Defendants' decision not to provide portable toilets, was denied on March 16, 2009.

Plaintiff seeks a declaratory judgment that the Defendants violated his constitutional rights; compensatory damages of $1,000,000 against each Defendant, punitive damages of $1,000,000 against each Defendant; and attorney fees and court costs.

### DISCUSSION

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment.  It has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime.  *Id.,* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346; *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the

inference.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. at 842.  A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson*, 955 F.2d at 22.  It is well-settled that mere negligence is not enough. *See, e.g., David v. Cannon*, 474 U.S. 344, 347-48 (1986).

Unsanitary conditions similar to those described by the Plaintiff here have been found to state a claim under the Eighth Amendment.  *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Jackson v. Duckworth*, 955 F.2d at 22 (summary judgment improper where inmate alleged he lived with "filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, . . . [and] unfit water to drink[.]"); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls); *see also, DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (thirty-six hours with no working toilet, flooded cell and exposure to human waste as well as the odor of accumulated urine, stated Eighth Amendment claim).

The Plaintiff here describes ongoing exposure to his own and his cellmate's human waste in his cell for over four days, being subjected to the constant odor of urine and feces from his own cell and the entire housing unit, being unable to wash after using the toilet or before eating, and physical pain and discomfort from lack of access to a working toilet.  These unsanitary and

hazardous conditions meet the objective component of a constitutional violation.

As to the subjective component, Plaintiff's complaint demonstrates that the Defendants were aware of the conditions in the prison; Plaintiff complained directly to Defendant Gaetz (the Assistant Warden of Operations), who allegedly responded, "Stay out of prison and you wouldn't have to worry about it." (Doc 1, p. 7). He also spoke directly to Defendant Boyd (the Assistant Warden of Programs), who replied that "water is being shipped in" from another correctional center, but did not further address the problems complained of. The Inmate Bulletins issued by Defendant Ryker (Warden) (Doc. 1-3, p. 3-4) show he was aware of the problems and took steps to address the water shortage. However, the facts alleged by Plaintiff indicate those steps were inadequate to prevent the unsanitary conditions that developed over the several days that the prison was without a normal water supply.

Prison officials' failure to take adequate steps to prevent inmates' exposure to human waste can amount to deliberate indifference. *See Jackson v. Duckworth*, 955 F.2d at 22. Plaintiff alleges that the defendants could have prevented this harm by providing portable toilets. The response to Plaintiff's second grievance states that portable toilets were in fact available, but prison officials decided not to use them because the prison did not run out of water. (Doc. 1-1, p. 11-12) Giving liberal construction to the allegations of Plaintiff's pro se complaint, the court may draw the reasonable inference that Defendant Ryker knew of the risks created by inadequate disposal of human waste and failed to take adequate measures to mitigate the risk. In addition, Defendants Gaetz' and Boyd's responses to Plaintiff's complaints showed their unwillingness to address the unsanitary conditions. Thus, the Plaintiff's allegations could amount to a claim for cruel and unusual punishment in violation of his Eighth Amendment rights, and for this reason

his claim cannot be dismissed at this time.

### DISPOSITION

**IT IS HEREBY ORDERED** that the Clerk shall prepare for Defendants **RYKER, GAETZ** and **BOYD**:  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff.  If any Defendant fails to sign and return the Waiver to the Clerk within **30 days** from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendants or their counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a

certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

Dated:   1/20/2011

s/ Michael J. Reagan
_____
**U.S. District Judge**