IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-CV-0397–MJR−SCW |
| | ) |
| LEE RYKER, DONALD GAETZ, and | ) |
| CHRISTINE BOYD, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**WILLIAMS, Magistrate Judge:**

Plaintiff James Brown sued Defendants pursuant to 42 U.S.C. § 1983, alleging that while he was incarcerated at Lawrence Correctional Center in June 2008, Defendants Lee Ryker, Donald Gaetz, and Christine Boyd acted with deliberate indifference to serious risks to Brown's health. Specifically, Brown alleges that Defendants failed to act to mitigate unsanitary conditions that developed following a water main break. Now before the Court is Brown's Motion for Sanctions **(Doc. 81)**. Brown alleges attorneys for the Defendants improperly questioned two of his witnesses when there "was no attorney on behalf of Plaintiff during the questioning of Plaintiff's witnesses by the Defendant's counsel" **(Doc. 81)**. For the following reasons, Brown's Motion **(Doc. 81)** is **DENIED**.

Except when limited by court order, during discovery "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." **FED. R. CIV. P. 26(b)(1)**. Of course, discovery may be restricted by courts if a party seeks irrelevant matter. **See**

***Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003)**. But generally, parties have wide latitude during discovery, and discovery rules "are to be accorded a broad and liberal treatment." ***Hickman v. Taylor*, 329 U.S. 495, 507 (1947).**

Here, Defendants' attorneys were within their legal bounds to conduct an informal witness interview without Brown or his attorney present. During discovery, parties are afforded broad discretion to investigate matters "relevant to *any* party's claim or defense," including a claim or defense of the opposing party. **FED. R. CIV. P. 26(b)(1) (emphasis added)**. Brown's witnesses—two prisoners—may possess relevant information relating to the incident behind Brown's claim. Thus, the Defendants' attorneys were free to informally interview Brown's consenting witnesses at their discretion. There are prescribed rules regarding the presence of counsel during formal oral depositions, including notice requirements and sanctions. *See* **FED. R. CIV. P. 30(b), (g)(1)**. But there are no such rules governing the conduct of informal witness interviews, so long as the information being sought is relevant. **FED. R. CIV. P. 26(b)(1)**. Consequently, Defendants' attorneys did not break any rule, and are not subject to sanctions.

For the aforementioned reasons, the Court **DENIES** Plaintiff's Motion for Sanctions **(Doc. 81)**.

**IT IS SO ORDERED**.

DATED: October 9, 2012.

                                            */s/ Stephen C. Williams*
                                            STEPHEN C. WILLIAMS
                                            United States Magistrate Judge