IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BROWN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10−cv–0397−SCW |
| ) | |
| LEE RYKER, DONALD GAETZ, and ) | |
| CHRISTINE BOYD, ) | |
| ) | |
| Defendants. | |

## ORDER

**WILLIAMS, Magistrate Judge:**

This matter is before the Court on a Motion for New Trial/Motion to Alter or Amend Judgment filed by Plaintiff James Brown. (Doc. 129). For the reasons stated below, the Motion is **DENIED**.

### BACKGROUND

Plaintiff brought this § 1983 suit alleging cruel and usual punishment and deliberate indifference following a flood in Lawrenceville Illinois that negatively impacted the available supply at Lawrence Correctional Center. (Doc. 1). The Court held a jury trial on Plaintiff's claims on March 11-13, 2013. At the close of trial, the jury found in favor of Defendants and against Plaintiff. (Doc. 119). Plaintiff then filed the present Motion alleging that Defendant Gaetz committed perjury when he said that there was available housing in cellhouse 7 and that prisoners would not have been given plastic bags, and that Plaintiff had ineffective assistance of counsel. Defendants filed a Response on May 8, 2013, making this Motion ripe for disposition

### ANALYSIS

As an initial matter, Defendants have argued that Plaintiff's Motion should be denied as untimely because it was filed on April 12, 2013, two days after the 28 day deadline imposed by Fed.

1

R. Civ. P. 59 (e) ran. Defendants' argument misstates the law. Prisoners are given the benefit of the "mailbox rule" with respect to certain pleadings. **Houston v. Lack, 487 U.S. 266 (1988) (holding that prisoners are deemed to have filed a notice of appeal when they deliver the notice to prison authorities)**. The Seventh Circuit has specifically extended this rule to apply to a Rule 59(e) motion to alter or amend judgment. **Edwards v. U.S., 266 F.3d 756, 758 (7th Cir. 2001)**. Therefore, Plaintiff's Motion will be found to have been filed on March 29, 2013, the date indicated in his certificate of service, and timely filed.

Turning to the substantive issues, under Federal Rule of Civil Procedure 59, the court has discretion to grant a new trial where the jury's verdict is against the manifest weight of the evidence or when a new trial is necessary to prevent a miscarriage of justice. **Romero v. Cincinnati, Inc., 171 F.3d 1091, 1096 (7th Cir. 1999).** A party will not be granted a new trial where the jury verdict has reasonable support in the record. **Carter v. Chicago Police Officers, 165 F.3d 1071, 79 (7th Cir. 1998)**. To satisfy the "manifest weight of the evidence" standard, a party must show that no rational jury could have entered judgment against him. **King v. Harrington, 447 F.3d 531, 534 (7th Cir. 2006)**.

In cases where a party has alleged perjury, the decision to grant a new trial is within the judge's discretion. **Antevski v. Volkswagenwerk Aktiengesellschaft, 4 F.3d 537, 341 (7th Cir. 1993)**. In exercising their discretion, other district courts have applied the fraud standard under Rule 60(b)(3), and found that a plaintiff must show that he maintained a meritorious claim at trial and that the alleged perjury prevented a full and fair presentation of the case. **White v. Anthology, Inc., No. 08 C 1371, 2009 WL 4215096 (N.D. Ill. Nov. 16, 2009) citing Lonsdorf v. Seefelt, 47 F.3d 893, 897 (7th Cir. 1995)**.

Here, Plaintiff has alleged that Defendant Gaetz committed perjury on two points. First, Gaetz testified that he would not have housed inmates in a cell block where sanitary conditions

2

could not be maintained because he had an empty cell block, cell block 7, available to him. Second, Gaetz testified that inmates could not have defecated and urinated in plastic bags as described by Plaintiff because inmates were not given plastic bags as a safety precaution.

The Court finds that Plaintiff had a full and fair opportunity to present his case. The Defense presented Gaetz's testimony as part of their case in chief. Upon reviewing Gaetz's testimony, the Court finds that it could be subject to more than one interpretation. For example, Gaetz could have meant that prisoners were not given plastic bags upon request or generally while inadvertently overlooking the can liners in the cell. Plaintiff had an ample opportunity to cross examine Gaetz and clarify the issues, but declined to exercise it. Additionally, while Plaintiff questioned Gaetz about whether cell block 7 was condemned, his testimony the building was not condemned does not mean that the building did not have *any* problems or that it was suitable for long-term habitation. Again, Plaintiff had a chance to examine Gaetz on any conditions that would make the building unsuitable, but choose instead to limit his questions to whether the building was condemned. Additionally, Plaintiff has not offered any proof that the building was condemned other than sworn affidavits that prisoners were not moved there when the roof blew off of their cellblock on June 15, 2008. This is hardly sufficient to show that the building was actually condemned by prison or government officials.

Plaintiff has not shown that Gaetz's testimony rose to the level of perjury. Even if his testimony was not credible, Plaintiff had ample opportunity to cross examine Gaetz and clarify the record on the two issues he brought up in this Motion. Additionally, Plaintiff did submit evidence to the jury that would have rebutted some of Gaetz's testimony. He and his fellow inmates testified that they used plastic bags for human waste. Gaetz's testimony about the hypothetical use of cell block 7 was also not critical to the presentation of Plaintiff's case about the actual conditions of Plaintiff's cell during the crisis. Plaintiff has pointed out what may be construed as credibility issues

with Gaetz's testimony. But credibility is the province of the jury. The Court finds that Plaintiff was not denied a full and fair opportunity to present his case and that the jury's verdict was not against the manifest weight of the evidence.

As a final matter, Plaintiff has argued that he did not receive effective assistance of counsel through his court-appointed attorney. There is no constitutional right to effective assistance of counsel in a civil case and a retrial is not a proper remedy for defective representation in a civil case. **_Stanciel v. Gramley_, 267 F.3d 575, 581 (7th Cir. 2001)**. Plaintiff's claim as to this point is rejected.

## CONCLUSION

Plaintiff's Motion for a New Trial or to Alter or Amend the Judgment (Doc. 129) is **DENIED**. Plaintiff has previously informed the Court that he wishes to file a Notice of Appeal. Plaintiff's Notice of Appeal must be filed within thirty (30) days of this Order or on or before **October 7, 2013**.

**IT IS SO ORDERED**

**DATED: September 6, 2013**         /s/ *Stephen C. Williams*
                                      **STEPHEN C. WILLIAMS**
                                      **United States Magistrate Judge**